THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STEVE KASLOV, Appellant.

First Department, February 15, 1933.

*Charles H. Tuttle* of counsel [*Thomas E. Kerwin* with him on the brief; *Harry A. Schwartz*, attorney], for the appellant.

*Irving J. Tell* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

PER CURIAM. If the jury had been aware of the criminal activities and records of the Bimbo family, members of which were the complainants who gave the evidence upon which defendant was convicted, a verdict of guilty would probably not have been rendered. Defendant's counsel undertook in advance of trial to procure the record of complainants and of other members of that notorious family from Chicago, where most of their criminal activities were performed. He was erroneously informed that such records were actually in the possession of the police authorities of New York city so that, acting upon this information, he subpœnaed the record from the police department here and consequently was unable to present to the jury the facts of complainants' history, the records being at Chicago, as he subsequently learned. These records show their malodorous careers of crime, embracing among others, extortion, assault and particularly the repeated misuse of the agencies

of the criminal courts by making false accusations against individuals who had incurred their enmity and whose arrest they sought and obtained. The evidence before us is such that a jury may find that the complainants are pursuing the same course of conduct here and that the charge of robbery against appellant does not rest upon truthful evidence but is part of a scheme devised by the complainants to injure appellant. If so, the complainants should be proceeded against. The motion for a new trial promptly made and heard before sentence was imposed should have been granted in the interest of justice.

The judgment of conviction should be set aside and the order appealed from reversed and the motion for a new trial granted.

Present — FINCH, P. J., MERRELL, MARTIN, O'MALLEY and SHERMAN, JJ.

Judgment of conviction set aside and the order appealed from reversed and the motion for a new trial granted.